**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IEISHA MASS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **- vs -** | § | |
| | § | |
| **WELLS FARGO BANK, NA as Trustee for** | § | **CASE NO. 4:24-cv-04834** |
| **OPTION ONE MORTGAGE LOAN** | § | |
| **TRUST 2005-4, PHH MORTGAGE** | § | |
| **CORPORATION its/their successors and/or** | § | |
| **assigns, and GLEANNLOCH FARMS** | § | |
| **COMMUNITY ASSOCIATION, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND
<u>MOTION TO STRIKE</u>**

      Defendants, PHH Mortgage Corporation ("PHH MC") and Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2005-4 Asset-Backed Certificates, Series 2005-4, ("Wells Fargo") (collectively, PHH MC and Wells Fargo are referred to herein as "Defendants"), previously filed a Motion to Dismiss Plaintiff's Original Verified Petition on December 16, 2024.[1] Rather than respond to Defendants' original motion, Plaintiff untimely filed a First Amended Complaint ("Amended Complaint") thirty-one days later on January 16, 2025.[2] Defendants now supplement their Motion to Dismiss to address Plaintiff's Amended Complaint, and incorporate their previous motion by reference. Additionally, Defendants move to strike Plaintiff's untimely Amended Complaint.

---

[1] Defendant's Motion to Dismiss Plaintiff's Original Verified Petition & Application for Temporary Restraining Order and Temporary Injunction, Doc. 6.

[2] Plaintiff's First Amended Complaint, Doc. 8.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Ieisha Mass ("Plaintiff") filed this suit, ostensibly to delay a foreclosure sale, despite admitting that she has not maintained loan payments.[3] On November 27, 2024, Plaintiff filed her Petition under Cause No. 2024-83598, in the 190th Judicial District Court of Harris County, Texas (the "Action"). [4] In the Action, Plaintiff asserts claims for injunctive relief, statutory fraud in a real estate transaction, common law fraud and/or fraud by non-disclosure, and violations of the Texas Debt Collection Act.    On December 9, 2024, Defendants timely removed the Action to this Court.[5] On December 16, 2024, Defendants timely moved to dismiss Plaintiff's claims as reflected in her Petition on the basis that Plaintiff's claims are barred by res judicata and collateral estoppel; further, Plaintiff failed to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12 (b)(6).[6]

Rather than respond to Defendants' Motion to Dismiss, Plaintiff filed her Amended Complaint on January 16, 2025, asserting additional claims for breach of contract and negligent misrepresentation, yet erroneously naming "Paul Klinger" as plaintiff and HSBC Bank, USA as a defendant under the "Parties and Service" section of her complaint.[7] In addition to the substantive defects in her amended pleading, Plaintiff waited thirty-one days to file such pleading, which is untimely under Rule 15(a)(1)(B) which allows amendment as a matter of course only within 21 days of service of a motion under Rule 12(b). Defendants now supplement their Motion to Dismiss

---

[3] Doc. 8 at ¶ 12.

[4] *See generally* Doc. 1-4.

[5] Defendant's Notice of Removal, Doc. 1.

[6] *See generally* Doc. 6.

[7] Doc. 8 at ¶¶ 2-4, 57-59, 68-69.

to address Plaintiff's Amended Complaint, and move to strike Plaintiff's Amended Complaint due to untimeliness.

## II.   FACTUAL BACKGROUND

According to Plaintiff's Amended Complaint, on or about June 27, 2005, Plaintiff executed a Deed of Trust in favor of Mila, Inc. d/b/a Mortgage Investment Lending Associates, Inc. and securing a $275,000.00 promissory note (together, the Deed of Trust and note are referred to as the "Loan") against the real property located 9514 Woodcliff Lake Drive, Spring, Texas 77379 ("Property").[8] The Deed of Trust and note were assigned to Wells Fargo with PHH MC acting as the loan servicer. Plaintiff admits that she defaulted on the terms of the note and Deed of Trust.[9] According to Plaintiff's Amended Complaint, she began to experience financial difficulties during the COVID-19 pandemic.[10]

Prior to the instant lawsuit, on September 2, 2021[11], Plaintiff brought a lawsuit against Defendant in Harris County District Court, alleging causes of action for declaratory judgment, breach of contract, violation of the Real Estate Settlement Procedures Act ("RESPA"), and seeking a temporary restraining order (the "2021 Action").[12] In that suit, Plaintiff alleged that she submitted a loan modification request in March 2022 to PHH MC, her loan servicer, but that the application was not approved or denied prior to Wells Fargo setting the Property for foreclosure sale on

---

[8] Doc. 8 at ¶ 10.

[9] *Id.* at ¶ 12.

[10] *Id.*

[11] Defendant respectfully asks the Court to take judicial notice of the previous lawsuit filed by Plaintiff, *Ieisha Mass v. Wells Fargo Bank*, NA, Cause No. 2021-56535, filed in the District Court of Harris County, Texas.

[12] *Id.*

September 7, 2021.[13] Wells Fargo timely removed the litigation to this Court. Thereafter, Wells Fargo filed a motion to dismiss for failure to state a claim.[14] On January 6, 2022, the Court granted Wells Fargo's Motion to Dismiss.[15]

Following the January 2022 dismissal, Plaintiff once again filed suit against Wells Fargo under Cause No. 2024-28811 in the 11th Judicial District of Harris County District Court on May 13, 2024.[16] In her lawsuit filed earlier this year, Plaintiff alleged that in October 2023, PHH MC provided her with a verbal reinstatement quote of $110,000, which was to paid by November 25, 2023.[17] Plaintiff further alleged that, on November 25, 2023, she submitted complete payment, which was purportedly rejected.[18] According to Plaintiff, PHH MC then issued a new reinstatement quote of $123,949.46, for which payment was due on January 7, 2024.[19] Plaintiff did not accept the new reinstatement quote, and the Property was set for a May 7, 2024 foreclosure sale.[20] Wells Fargo timely removed this action to this Court, and, following her failure to respond to Wells Fargo's motion to dismiss, this Court dismissed Plaintiff's lawsuit.[21]

Most recently, Plaintiff filed suit against Wells Fargo and PHH MC on May 6, 2024 in Harris County District Court, alleging once again that that in October 2023, PHH MC provided

---

[13] *Id.* Plaintiff pleaded claims of breach of contract, violations of the Real Estate Settlement Procedures Act, breach of good faith and fair dealing, breach of duty of cooperation breach of common law tort of unreasonable collection efforts, negligent misrepresentation, common law fraud and sought declaratory relief.

[14] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division.

[15] *Id.*, Docket 18.

[16] Defendant respectfully asks the Court to take judicial notice of the previous lawsuit filed by Plaintiff, *Ieisha Mass v. Wells Fargo Bank*, NA, Cause No. 2024-28811, filed in the District Court of Harris County, Texas.

[17] *See id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *See generally Ieisha Mass v. Wells Fargo Bank*, NA, Cause No. 4:24-cv-01785, removed to the United States District Court for the Southern District of Texas, Houston Division.

her with a verbal reinstatement quote of $110,000.[22] Plaintiff makes the same allegations in the instant suit as she did earlier this year, including that on November 25, 2023, she submitted complete payment, which was purportedly rejected.[23] According to Plaintiff, PHH MC then issued a new reinstatement quote of $123,949.46, for which payment was due on January 7, 2024.[24] Plaintiff did not accept the new reinstatement quote, and the Property was set for a December 3, 2024 foreclosure sale.[25]  Following Plaintiff obtaining a temporary restraining order to stop the foreclosure sale, Defendants timely removed the litigation to this Court on December 9, 2024.[26]

### III.    MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint should be stricken from the docket because it was filed without leave of court or consent of the opposing party. Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to amend a pleading *once* as a matter of course within twenty-one days of service of a motion under Federal Rule 12(b). *McDade v. Wells Fargo Bank, N.A.*, No. H-10-cv-3733, (W.D. Tex. 2012), 2011 WL 4860023, 2011 U.S. Dist. LEXIS 118219, at *12 (S.D. Tex. Oct. 13, 2011) (emphasis added) (citing FED. R. CIV. P. 15(a)(1)). But once that deadline passes or the party has already amended once, the party must obtain leave of Court or consent of the opposing party before filing. *Id.* (citing FED. R. CIV. P. 15(a)(2)). Absent factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice," leave should be "freely given." *Id.* (quoting *Overseas Inns S.A. PA. v. United States*, 911 F.2d 1146, 1150–51 (5th Cir. 1990); *Forman*

---

[22] Doc. 1-4 at ¶ 37.

[23] *Id.* at ¶¶ 40-44.

[24] *Id.* at ¶ 43.

[25] *Id.* at ¶ 53.

[26] *See* Doc. 1.

*v. Davis*, 371 U.S. 178, 182 (1962); FED. R. CIV. P. 15(a)(2)). But leave to amend is not guaranteed or "automatic." *Id.* (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994)). And even though leave can be granted without a *formal* motion, the party seeking amendment must "set forth with particularity the grounds for the amendment and the relief sought." *Boyce v. Aim Mgmt. Gp.*, No. h-01-CV-2587, 2007 WL 7117575, 2007 U.S. Dist. LEXIS 99251, at *23–24 n.3 (S.D. Tex. Sept. 17, 2007) (citing *United States v. Dow Chemical Co.*, 343 F3d 325, 330–31 (5th Cir. 2003)). Providing a sufficient basis for further amendment is particularly relevant when a party has already amended his pleading. *See id.* (citing *United States v. Willard*, 336 F.3d 387–88 (5th Cir. 2003)). Otherwise, leave should be denied.

Here, Plaintiff's Amended Complaint was filed thirty-one days after Defendants' Motion to Dismiss. Such Amended Complaint contains no more factual support for her claims than the prior pleading. This has created undue delay in these proceedings with futile allegations that unfairly prejudiced Defendants and may be taken as evidence of bad faith. Moreover, such an amendment was made without the consent of Defendants or a request to the Court. As such, Plaintiff's Amended Complaint should be stricken from the docket, and the Court should consider the Original Petition as Plaintiff's current pleading.

## IV.    SUPPLEMENTAL MOTION TO DISMISS

### ARGUMENTS AND AUTHORITIES

### A.    Legal Standard.

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accepting well-pleaded facts as true, viewing them in the light most favorable to plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Inc.*, 855 F.Supp.2d 615,

618 (N.D. Tex. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)).  Under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

> **B.    Plaintiff's Claims Should be Dismissed as Plaintiff Names the Wrong Parties in Her Amended Complaint.**

Plaintiff's Amended Complaint erroneously names "Paul Klinger" as plaintiff and HSBC Bank, USA as a defendant under the "Parties and Service" section of her complaint.[27] As Plaintiff fails to properly identify the parties to the current lawsuit, she has also failed to assert any claims against Defendants. Consequently, this Court should dismiss the Amended Complaint in its entirety.

> **C.    Plaintiff's Claims Are Barred by *Res Judicata*.**

Plaintiff's Amended Complaint is fundamentally premised on the same claims, factual allegations, and legal conclusions that were fully and finally adjudicated by this Court in the 2021 Action.[28] Consequently, this Court should dismiss the Amended Complaint as barred by *res judicata*.

*Res judicata*, or claim preclusion, "bars litigation of claims that either have been litigated

---

[27] Doc. 8 at ¶¶ 2-4, 57-59, 68-69.

[28] *See Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division, Doc. 18. Defendants also incorporate and restate these arguments regarding *res judicata* and collateral estoppel as to the action filed by Plaintiff earlier this year under Cause No. 2024-28811 in the 11th Judicial District of Harris County District Court on May 13, 2024, which was removed to this Court and subsequently dismissed. *See generally Ieisha Mass v. Wells Fargo Bank*, NA, Cause No. 4:24-cv-01785, removed to the United States District Court for the Southern District of Texas, Houston Division.

or could have been raised in an earlier suit." *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (emphasis added).  "The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*  To determine whether both suits involve the same cause of action, the Court of Appeals for the Fifth Circuit employs a transactional test—a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction out of which the original action arose.  *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004).  Thus, *res judicata* precludes "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 872 (5th Cir. 1984).  All of the elements are met here.

### 1.    The parties[29] are identical in privity to those in the 2021 Action.

First, in order for *res judicata* to apply, the parties in both actions must be identical or in privity.  *See Test Masters Educ. Serv.*, 428 F.3d at 571.  When a non-party to the prior action is a successor in interest in property, that is sufficient to establish privity in the current action.  *See Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977).  There is no dispute that both Plaintiff and Wells Fargo, itself or in its capacity as successor trustee, were parties to the 2021 Action, which culminated in this Court granting Wells Fargo's motion to dismiss in

---

[29] Defendants do not waive any argument as to the mootness of Plaintiff's Amended Complaint which names the incorrect parties; however, assuming *arguendo* that Plaintiff named the correct parties, Defendants shall address substantive arguments herein.

January 2022.[30]  Further, as a loan servicer with no independent right or claim to the Property, PHH MC is in privity with Wells Fargo. *Russell v. SunAmerica Secs.*, Inc., 962 F.2d 1169, 1174 (5th Cir. 1992) ("In short, parties which are sufficiently related to merit the application of claim preclusion are in privity."). Accordingly, the first element of *res judicata* is satisfied.

### 2.    A prior judgment exists rendered by a court of competent jurisdiction.

Second, in order for *res judicata* to apply, the judgment in the prior action must be rendered by a court of competent jurisdiction.  *See Test Masters Educ. Serv.*, 428 F.3d at 571.  A court is of competent jurisdiction if it has subject matter jurisdiction or is otherwise permitted to hear the claim.  *See, e.g., Murchison Capital Partners, L.P. v. Nuance Communs., Inc.*, 625 Fed. App'x 617, 624 (5th Cir. 2015) (citing *Browning v. Navarro*, 887 F.2d 553, 558-59 (5th Cir. 1989)).  This Court, which was also the court in 2021 Action, the United States District Court for the Southern District of Texas, Houston Division, is a court of competent jurisdiction because it had subject matter jurisdiction and was otherwise permitted to hear the claims brought.[31]  Therefore, the judgment in the prior action was rendered by a court of competent jurisdiction for *res judicata* purposes.

### 3.    The prior action was concluded by a final judgment on the merits.

Third, for *res judicata* to apply, the prior action must have concluded with a final judgment on the merits of the case.  *See Test Masters Educ. Serv.*, 428 F.3d at 571.  "A court's decision to grant a motion to dismiss qualifies as actual litigation because dismissal with prejudice is 'a final judgment on the merits.'" *United States ex rel. Gage v. Rolls-Royce N. Am., Inc.*, 760 Fed. Appx. 314, 317 .

---

[30] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division.

[31] *Id.*

The January 2022 grant of Wells Fargo's motion to dismiss Plaintiff's claims is a final judgment for these purposes and satisfies this element of *res judicata*.

### 4.    The same claim or cause of action was involved in both actions.

Fourth, *res judicata* applies when the same claim or cause of action was raised or could have been raised in the prior action. *See Test Masters Educ. Serv.*, 428 F.3d at 571. As stated previously, *res judicata* does not actually require the exact same causes of action to be raised in both actions, but rather concerns two identical actions "based on the same nucleus of *operative facts.*" *Id.* (emphasis added). In other words, when both actions arise out of a materially similar factual scenario, new or similar causes of actions cannot be raised later when a party had the opportunity to raise them previously.

The Fifth Circuit utilizes the "transactional test" to determine whether the same claim or cause of action exists. *See Test Masters Educ. Serv.*, 428 F.3d at 571. The transactional test essentially defines the transaction or transactions connected to the original action and purportedly connected by the current action, by considering "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

For example, in *Warren v. Mortgage Electronic Registration Systems*, where a borrower attempted a third suit against a servicer on his loan, the Fifth Circuit held that because "[e]ach of the suits is based on the same loan that [the plaintiff] obtained in 2006," simply "raising new claims . . . does not allow [him] to avoid the preclusive effects of the prior judgments." 616 Fed. App'x

735, 737 (5th Cir. 2015).  In other words, since the current litigation involved the same essential facts, namely the borrower's loan, it arose "from the same nucleus of operative facts."  *Id.*

Similarly, here all of Plaintiff's causes of action concern the note, Deed of Trust, and Wells Fargo's right to foreclose.  In the 2021 Action, all of Plaintiff's claims stemmed from the 2005 Deed of Trust and Loan on the Property and Wells Fargo's right to foreclose.[32]  The district court rejected all of Plaintiff's claims and granted Wells Fargo's motion to dismiss in the 2021 Action.

Plaintiff's claims in this action not only reference the same Loan and challenge Wells Fargo's right to foreclose, but also raise many of the same legal arguments aimed at stopping foreclosure that were considered and rejected by this Court previously. Plaintiff's claims here fall into one of two camps: (i) claims identical to both suits (purported claims for wrongful foreclosure), and (ii) red herring claims which are end run attacks on Wells Fargo's ability to foreclosure (a claim for injunctive relief, fraud-based claims, breach of contract and negligence claims, and violation of the Texas Debt Collection Act). Plaintiff's additional causes of action here will not preclude this action from dismissal based on *res judicata* because all of her claims are simply attacks on the validity of foreclosure and could have been litigated in the 2021 Action. *Ries v. Paige (In re Paige)*, 610 F.3d 865, 873 (5th Cir. 2010) ("Essential to the application of the doctrine of *res judicata* is the principle that the previously unlitigated claim *could or should have been brought in the earlier litigation*.").

In sum, this is a textbook example of causes of action that should have been brought in the 2021 Action and arise out the same nucleus of operative facts because the factual scenario has not materially changed.  Plaintiff is still asserting claims regarding the Property, regarding the same

---

[32] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division.

11

Loan litigated about in the previous action, and is still trying to thwart foreclosure on the Property. Because these claims have, or could have been, litigated in the 2021 Action, Plaintiff's claims in this action are entirely barred by *res judicata*.

### D. Plaintiff's Claims Are Barred by Collateral Estoppel.

In addition to *res judicata*, the collateral estoppel doctrine bars Plaintiff's claims. Whereas *res judicata* precludes relitigation of previously adjudicated claims, collateral estoppel precludes relitigation of issues or facts that have already been decided in a prior litigation. *Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021). The requirements for collateral estoppel include: " (1) the issue of fact or law sought to be litigated in the second action was fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Id.*

For the reasons discussed above in support of *res judicata*, each of the elements for collateral estoppel are satisfied in this action. Accordingly, the Amended Complaint should be dismissed on collateral estoppel grounds as well.

### E. Plaintiff's Fraud-Based Claims Fail as a Matter of Law.

Plaintiff alleges numerous fraud-based claims, including claims for common law fraud and/or fraud by nondisclosure, and fraud in a real estate transaction. In Texas, a claim for common-law fraud has six elements, requiring that: (1) a material representation was made; (2) it was false; (3) the speaker knew it was false or made it recklessly; (4) it was made with the intention the other party rely on it; (5) the party did rely on it; and (6) the party suffered injury because of it. *Landers v. Aurora Loan Servs, LLC*, 434 S.W.3d 291, 293–94 (Tex. App.—Texarkana 2014, no pet.) (citing *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W. 3d 768, 774 (Tex. 2009) (per curiam)). Fraud by non-disclosure is simply a subcategory of fraud. *Jessen v. Duvall*, No. 14-16-00869-CV, 2018

Tex. App. LEXIS 1369, 2018 WL 1004659, at *11 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.). Finally, the elements of a claim for statutory fraud include: (1) a false representation of a past or existing material fact; (2) made to induce that person to enter into a contract; and (3) relied on by that person in entering into a contract; (4) damages. *See* Tex. Bus. Com. Code sec. 27.01.

Additionally, fraud claims "are subject to the heightened pleading requirements of Rule 9(b)," and thus must be pleaded with particularity. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010). That requires the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Miller v. CitiMortgage Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)); *see also* Fed. R. Civ. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003). And to assert recklessness requires more than alleging that the statement turned out to be wrong. *Landers v. Aurora*, 434 S.W.3d at 297 (citation omitted). There must be evidence to demonstrate that the speaker knew that he did not have sufficient information to support the statement. *Am. Dream Team, Inc. v. Citizens State Bank*, 481 S.W.3d 725, 739 (Tex. App.—Tyler 2015, pet. denied).

Here, Plaintiff does not allege any facts regarding: when or where the alleged misrepresentation was made; what was false about it; who made it; or how Plaintiff relied on it to her detriment. And even if Plaintiff met the heightened pleading standard required under Rule 9(b), she cannot show that she was damaged or suffered a loss due to the alleged false statements

because she continues to reside in the Property.[33] Accordingly, Plaintiff's Amended Complaint fails to state a viable fraud claim and should be dismissed with prejudice.

    **F.**    **Plaintiff's Claim Under the Texas Debt Collation Act Fails as a Matter of Law.**

Plaintiff asserts claims under multiple sections of the Texas Debt Collection Act ("TDCA"), including (1) Section 392.301(a)(7) regarding threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of Plaintiff's Property; (2) Section 392.301(a)(8) regarding threatening to take an action prohibited by law; (3) Section 392.304(a)(8) regarding misrepresenting the character, extent, or amount of the debt owed by Plaintiff; and (4) Section 392.304(a)(19) regarding using false representations or deceptive means to collect a debt.[34] First, Plaintiff's TDCA claims should be dismissed because she fails to make any specific allegations regarding how Defendants violated the foregoing sections, therefore leaving Defendants to guess Plaintiff's legal theory.  However, even taking into consideration the allegations in the factual section of the Amended Complaint, Plaintiff's TDCA claims are unsupported by law and fact.

Plaintiff has failed to state a claim under Section 392.301, which prohibits a debt collector from using "threats, coercion, or attempts to coerce," because Defendants were entitled to foreclose on the Property as the holder of the note and mortgage servicer.  Foreclosure of the Property is not an action prohibited by law, and Plaintiff has not alleged that Defendants threatened sale of the Property without proper court proceedings.  *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 U.S. Dist. LEXIS 53019, 2016 WL 1611378, at *7 (N.D. Tex. April 20, 2016) (holding that the plaintiff's claims under Section 392.301 failed as a matter of law because

---

[33] Doc. 1-4 at ¶ 2 (Plaintiff continued to reside in the Property at the time she filed this lawsuit).

[34] Doc. 8 at ¶¶ 70-72.

the defendants had the authority to foreclose on the disputed property).  Accordingly, Plaintiff's claims under Section 392.301 should be dismissed.

"To state a viable claim for a violation of section 392.304(a)(8), a plaintiff must demonstrate that the defendant made a false or misleading statement that 'led [plaintiff] to think differently with respect to the character, extent, amount, or status of his debt.'" *Clark v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 87641, *23-24, 2015 WL 4093948 citing (*Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).  The Fifth Circuit has held that a loan servicer's statements about the status of a borrower's loan-modification application do not relate to the character or amount of the debt, or whether it is in default, as the statute requires. *Thompson v. Bank of Am. N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2015).  Although Plaintiff alleges Defendants did not appropriately respond to her loan modification applications, nothing about these allegations relates to the "character, extent, or amount" of the debt—which Plaintiff knew was in default and was attempting to modify before foreclosure sale—so they do not meet the standard for a violation of the Act.  Similarly, Plaintiff may not recover under Section 392.304(a)(19), the TDCA's catchall provision, because "[c]ommunications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under Section 392.304(a)(19)." *Thompson v. Bank of Am. N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2015).

Finally, Plaintiff may not recover under the TDCA because she has not suffered any actual damages as a result of the alleged misrepresentations regarding her purported loan modification applications as she remains in the property[35] and obtained a restraining order to prevent the

---

[35] Doc. 1-4 at ¶ 2 (Plaintiff continued to reside in the Property at the time she filed this lawsuit).

foreclosure from occurring.[36] Accordingly, Plaintiff's TDCA claims fail as a matter of law and should be denied in their entirety.

### G.    Plaintiff's Claim for Wrongful Foreclosure Is Not Ripe for Adjudication.

Plaintiff's property has not yet been sold at foreclosure. Plaintiff's allegations regarding wrongful foreclosure are, therefore, not yet ripe. Likewise, to the extent her other claims are based on an alleged wrongful foreclosure, it is also premature. One of the elements of wrongful foreclosure is an irregularity in the sale, and where no sale has yet occurred, courts have concluded that a claim for wrongful foreclosure cannot succeed. *See Allied Capital Corp v. Cravens,* 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi [13th Dist.] 2002, no pet.) (holding that in a suit for wrongful foreclosure, a foreclosure sale must have occurred) (citing *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Defendants have not sold the Property at foreclosure sale, Plaintiff has not suffered any harm, and the claims are premature.[37] The claim must be dismissed.

### H.    Plaintiff's Breach of Contract Claim Fails as a Matter of Law.

Plaintiff's cause of action for breach of contract is vague at best and unintelligible at worst. The breach of contract claim is apparently based on Plaintiff's allegation that Defendants "attempted acceleration of Plaintiffs [sic] loan and posting of Plaintiffs [sic] homestead property for foreclosure sale[]"[38] despite Plaintiff admitting that she has defaulted under the terms of the note and Deed of Trust.[39] Plaintiff's allegations fail to state a plausible breach of contract claim.

Under Texas law, to prevail on a breach of contract claim, the plaintiff must show: (1) the

---

[36] Temporary Restraining Order, Doc. 1-9.

[37] *Id.*.

[38] Pet. at ¶ 6.

[39] Doc. 8 at ¶ 12.

existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). The performance element of a breach of contract claim precludes a plaintiff who is in default from asserting a breach of contract claim. *See May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597, 2013 WL 294795, at *2 (N.D. Tex. June 17, 2013) ("Thus where the plaintiff has failed to perform a duty under the contract, such as the duty to pay his mortgage, she cannot maintain a breach of contract action."); *Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295, 2012 WL 4741073, at *3 (N.D. Tex. Oct. 3, 2012) ("Under Texas law, a party to a contract who is himself in default cannot maintain a suit for its breach.") (internal quotation omitted); *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *10 (N.D. Tex. June 26, 2012) (dismissing a breach of contract claim where plaintiffs "failed to allege that they performed their contractual obligations by remaining current on their mortgage payments until the alleged breach); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-00370, 2011 WL 676955, at *5 (E.D. Tex. Jan. 27, 2011) (holding that plaintiff failed to perform under the deed of trust and, therefore, could not maintain a breach of contract claim); *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV2099-K, 2008 WL 623395, at *4 (N.D. Tex. Mar. 4, 2008) (applying Texas law and finding that a default on payments due under the mortgage loan prohibited any recovery for breach of contract).

Plaintiff has failed to allege performance of her duty under the contract; and because there is no allegation in the Amended Pleading that Plaintiff did not default, she is precluded from asserting a viable breach of contract claim. Even if Plaintiff adequately pleaded the foregoing elements, she has failed to allege any viable damages considering she is still living in the property. Accordingly, Plaintiff's claim for breach of contract should be dismissed.

## I.     Plaintiff's Claim for Negligent Misrepresentation Fails as a Matter of Law.

To prove a negligent misrepresentation claim, Plaintiff must show (1) a representation made by a defendant in the course of its business or in a transaction in which it has pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care of competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representations. *JPMorgan Chase Bank v. Orca Assets G.P., L.L.C.,* 546 S.W.3d 648, 653–54 (Tex. 2018.) In the Amended Complaint, Plaintiff utterly fails to identify any actionable misrepresentation made by Defendants.

Furthermore, Plaintiff also fails to prove reliance. "Justifiable reliance usually presents a question of fact." *Orca Assets*, 546 S.W.3d at 654. "But the element can be negated as a matter of law when circumstances exist under which reliance cannot be justified." *Id*. For example, reliance is not justified when the complaining party does not exercise reasonable diligence to discover the truth. *Id*. Here, even if Plaintiff could identify misrepresentations made by Defendant, she would still need to show justified reliance in addition to the pecuniary loss she suffered as a result. Not only can Plaintiff not identify any misrepresentations made by Defendant, but she also has no allegations regarding reliance upon such misrepresentations or damages as a result. Thus, Plaintiff's negligent misrepresentation claim should be dismissed.

### CONCLUSION AND PRAYER

For each of the foregoing reasons, Defendants pray the Court grant this Motion to Strike Plaintiff's Amended Complaint. Defendants, in the alternative, request the Court grant this Supplemental Motion to Dismiss and dismiss the claims asserted by Plaintiff with prejudice.

Defendants further requests the Court award such other relief, in law or in equity, to which Defendants may be justly entitled.

Dated: January 30, 2025                                    Respectfully submitted,

                                                   */s/ Amelia H. Marquis*
                                                   **JOSÉ M. ("JOE") RUBIO III**
                                                   Attorney-in-charge
      State Bar No. 24084576
      Southern District No. 2952046
      jrubio@dykema.com
      **Amelia H. Marquis**
      State Bar No. 24097512
      Southern District No. 3354861
      amarquis@dykema.com
      Comerica Bank Tower
      1717 Main Street, Suite 4200
      Dallas, Texas 75201
      Telephone:  (214) 462-6400
      Facsimile:  (214) 462-6401

      **ATTORNEYS FOR DEFENDANTS**
      **WELLS FARGO BANK AND**
      **PHH MORTGAGE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all parties or counsel of record on January 30, 2025, in compliance with the Federal Rules of Civil Procedure.

      */s/ Amelia H. Marquis*
      **AMELIA H. MARQUIS**